UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KHAYER UDDIN,                                                     Civil Action No.:

                Plaintiff,

    -against-                                                  **CLASS ACTION COMPLAINT**

MULLOOLY JEFFREY
ROONEY & FLYNN, LLP,                                      **DEMAND FOR JURY TRIAL**

               Defendant(s).
-------------------------------------------------------------X

      Plaintiff KHAYER UDDIN ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendants MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>").

## PARTIES

    2.    Plaintiff KHAYER UDDIN is a resident of the State of New York, residing at 1448 Leland Avenue, Apartment 2, Bronx, New York 10460.

    3.    Defendant MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP is a law firm engaged in the business of debt collection in the State of New York with a main office located at 6851 Jericho Turnpike, Suite 220, Syosset, New York 11791-9035.

4. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining

a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling:  (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in

paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Upon information and belief, Defendant, on behalf of itself or a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

23. Upon information and belief, and better known to the Defendant, Defendant commenced its campaign of communications with Plaintiff by sending Plaintiff two (2) mass-produced form letters in the mail both dated December 11, 2013.

24. One letter was a collection letter (hereinafter referred to as "Defendant's Collection Letter") which bore Defendant's letterhead with company name identifying Defendant as "Law Office" (attached hereto as Exhibit "A").

25. Defendant's Collection Letter began: "The above creditor has turned over to us for collection your account in the sum of $____. Beneath this was a heading in large type, upper case letters centered on the page: "**VALIDATION NOTICE**."

26. Said "validation notice" consisted of: "The amount shown is the amount owed to the Creditor." Immediately after this sentence begins Defendant's required 30-day dispute language regarding consumer rights.

27. Thereafter, with no space to separate it from the preceding text, Defendant stated: "At this time no attorney with this firm has personally reviewed the particular circumstances of your account."

28. Thereafter, with no space to separate it from the preceding text, Defendant provided required FDCPA disclosures in all uppercase letters. Thereafter Defendant informed the consumer that if they did not dispute the alleged debt or require further information offered in the 30-day disclosure language and "wish to pay this

claim," that they should contact Defendant's office.

29. Defendant's Collection Letter was signed:

> BY: [Script initials "JS"]
> [Defendant's company name]
> REFER TO: J. KENNEDY (516) 656-5312

30. Defendant's other letter enclosed an executed Consent to Change Attorney (hereinafter referred to as "Defendant's Legal Letter") and also bore Defendant's letterhead with company name identifying Defendant as "Law Office" (attached hereto as Exhibit "B").

31. Defendant's Legal Letter began: "Enclosed and in relation to the subject referenced action, please find the notice required upon our firm's retention, under the Fair Debt Collection Practices Act. We have also enclosed a copy of the Consent to Change from the previous attorneys for the plaintiff, which has been forwarded to the Court for filing. Kindly contact the undersigned at your earliest convenience to discuss any possible settlement of this matter."

32. Defendant's Legal Letter was signed:

> BY: [Script initials "JS"]
> JOHN J. SHEERIN

At the bottom of the page, Defendant printed:

> "Refer to: J. KENNEDY (516) 656-5312
> Collection Manager

33. The signatures on both Defendant's Collection Letter and Defendant's Legal Letter were identical.

## FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

34.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35.   15 USC §1692e – preface prohibits a debt collector from using any false, misleading or deceptive representations in connection with the collection of a debt.

36.   The Defendant violated 15 USC §1692e – preface by creating a mass-produced form letter for dissemination to consumers as exemplified by Defendant's Collection Letter (Plaintiff's Exhibit "A") which uses deception throughout. Defendant's letter states that "The above creditor has turned over to us for collection your account," with no indication of whether "us" means attorneys but implying that it does by the inclusion of "Law Office" above the company name in the masthead. Equally deceptive is Defendant including a heading above the body of its letter in large, bold, upper case type centered on the page: "**VALIDATION NOTICE**," after which Defendant states "The amount shown is the amount owed to the Creditor," and then immediately continues, "Unless you notify us with thirty days," etc. stating the required 30-day disclosure language in the same paragraph as the so-called "Validation Notice."  Defendant has deliberately designed the aforementioned letter so that all of the text following the heading, in fact the entire letter, can be easily misconstrued as "validation" of the consumer's debt, which is clearly not the case. Further down, Defendant deceptively squeezes the statement, "At this time no attorney with this firm has personally reviewed the particular circumstances of your account," with no space to separate the paragraph from the preceding or following text. In clear contradiction of this statement, Defendant's

Collection Letter was signed by John J. Sheerin, an attorney with Defendant's firm, who deceptively did not identify himself as an attorney, but beneath his signature printed the name of his firm and a direction to "refer to" a "J. Kennedy" and a telephone number. Evidence that Attorney Sheerin signed said letter is provided by Defendant's Legal Letter (Plaintiff's Exhibit "B") where Attorney Sheerin includes his name beneath his signature. A comparison of Attorney Sheerin's signatures in Plaintiff's Exhibits "A" and "B" evidence that they are identical.

Defendant dates two letters on the same day, falsely informing the Plaintiff that they are debt collectors and no attorney has personally reviewed particular circumstances of his account and at the same time that they have been retained as attorneys for the creditor and enclose an executed Consent to Change Attorneys which they claim has been sent to "the Court" for filing. Defendant's Collection Letter deliberately and deceptively prints, "Refer to: J. Kennedy" directly beneath Mr. Sheerin's signature and firm name, with no indication of "J. Kennedy's" title. In Defendant's Legal Letter, J. Kennedy is identified as "Collection Manager" and Mr. Sheerin is not identified as an attorney. Both letters conclude by asking the consumer to contact Defendant to make a settlement. Taken together, Defendant letters clearly illustrate Defendant's deceitful and reprehensible attempts to imply legal action is imminent as a means to compel Plaintiff and the consumer to cooperate with Defendant's debt collection objectives.

37.  15 USC §1692 f –preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

38.  The Defendant violated 15 USC §1692 f – preface by unfairly and

unconscionably mass-producing and sending letters, exemplified by Defendant's Collection Letter sent to Plaintiff, designed to convince consumer recipients that they are being contacted regarding a debt with all the implications associated with a pending legal procedure. Defendant prints a letter on letterhead indicating "Law Office" above the company name, states that "The above creditor has turned over to us for collection your account" without stating who "us" entails in order to encourage the belief that "us" means attorneys. Moreover, by centering the large upper case, bold typed heading, "VALIDATION NOTICE," above the body of its letter, Defendant unfairly attempts to give the impression that what follows is a validation of the consumer's debt when said "validation" consists of the words: "The amount shown is the amount owed to the Creditor."  Further, Defendant deliberately squeezes the language that no attorney has reviewed the particular circumstances of the consumer's account between required dispute notification language and above the all upper case disclosure language that "THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT," etc.  Further Defendant unfairly includes a signature of two initials, difficult to decipher, with no identity of the individual who sent the letter so as to encourage the consumer to assume it is from an attorney. By Defendant's use of stationery with a legal masthead designated "Law Office," it's illusive signature and failure to identify the signatory or the individual, "J. Kennedy" whom the consumer is directed to "refer to," and it's misleading design and placement of information, Defendant intends to unfairly intimidate and unsettle consumers and convince them that legal action against them is imminent, thereby provoking the consumer into contacting Defendant in furtherance of Defendant's debt collection objectives.

39. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

40. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k (a) (1);

    B.    For statutory damages provided and pursuant to 15 USC §1692(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to15USC§1692(a) (3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      New York, New York
                April 1, 2014

                        Respectfully submitted,

                        By:  /s/ M. Harvey Rephen
                        M. Harvey Rephen, (MR3384), Esq.
                        M. HARVEY REPHEN & ASSOCIATES, P.C.
                        708 Third Avenue, 6th Floor
                        New York, New York 10017
                        Phone:   (212) 796-0930
                        Facsimile: (212) 330-7582
                        *Attorney for the Plaintiff* KHAYER UDDIN


To:     Mullooly, Jeffrey, Rooney & Flynn, LLP
         6851 Jericho Turnpike, Suite 220
         Syosset, New York 11791-9035

         *(Via Prescribed Service)*


         Clerk
         United States District Court, Eastern District of New York

         *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.:

KHAYER UDDIN,

                              Plaintiff,

     -against-


MULLOOLY, JEFFREY, ROONEY & FLYNN, LLP,

                              Defendant(s),

_____

# CLASS ACTION COMPLAINT

_____

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:     (212) 796-0930*
*Facsimile: (212) 330-7582*

_____